IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02950-MSK-MEH

LISA M. JOHNSON,

      Plaintiff,

v.

SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND STATE OF COLORADO, and
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Motion for Leave to Amend Complaint [filed April 1, 2013; docket #40].  The matter is fully briefed and has been referred to this Court for recommendation.[1]  The Court finds oral argument would not materially assist the Court in adjudicating the motion.  For the following reasons, the Court recommends that the motion be **granted in part** and **denied in part**.[2]

---

[1] While Plaintiff's motion does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A) and (B). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988)).  An order denying a motion to amend may be dispositive if the order effectively precludes the filing of a claim for damages.  *See Fuller v. Mickelson*, No. 07-cv-00291-WYD, 2007 WL 3232595, at *2 (D. Colo. Oct. 31, 2007) (citing *Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)).

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify

## I.      Background

Plaintiff Lisa Johnson ("Johnson") initiated this action on October 12, 2012 in Denver County District Court against School District No. 1 in the County of Denver and State of Colorado ("District") and the Board of Education of School District No. 1 ("Board") (collectively "Defendants"). (Docket #4.)  In essence, Johnson claims that Defendants violated her rights to freedom of speech under the First Amendment and to due process under the Fourteenth Amendment, and her rights under the Teacher Employment, Compensation and Dismissal Act ("TECDA"), Colo. Rev. Stat. § 22-63-101 *et seq.* by assigning her to unfavorable positions and placing her on unpaid leave at the commencement of the 2012-13 school year.

On November 9, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) governing federal question jurisdiction.  (Docket #1.)  Then, pursuant to Fed. R. Civ. P. 15(a), Plaintiff filed a First Amended Complaint and Jury Demand on December 4, 2012.  (Docket #13.)  In response, Defendants filed a motion to dismiss the amended pleading, which was referred to this Court for recommendation.  (Dockets #21 and #25.)

On March 18, 2013, this Court issued a Recommendation that the District Court grant Defendants' motion to dismiss the Amended Complaint based upon various grounds.  (Docket #37.)

---

those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Thereafter, the Plaintiff filed the present motion seeking to correct a deficiency noted in the Recommendation. Specifically, Plaintiff seeks to add allegations which Plaintiff argues sufficiently state claims for municipal liability. Defendants oppose Plaintiff's request contending that Plaintiff's proposed amendments are unduly delayed, prejudicial and futile. Plaintiff counters that the proposed amendments are timely pursuant to the governing scheduling order in this case, will not prejudice the Defendants, and are not subject to dismissal.

## II.     Legal Standards

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2013). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*; *see also Foman,* 371 U.S. at 182.

Here, again, Defendants argue that Plaintiff unduly delayed the filing of her proposed amendments, that such amendments will cause undue prejudice to the Defendants and that, in any case, the amended claims would be dismissed on a Rule 12(b) motion.

### III.    Analysis

Plaintiff proposes to add the following allegations to her Amended Complaint:

1.    To paragraphs 19 and 29, "The decision to place Ms. Johnson in this one year-only assignment was made by central office administrators of the Defendant School District who had final policy making authority with regard to the placement of teachers and was made pursuant to an official policy, custom or practice of the Defendant District."

2.    To paragraph 32, "The decision to place Ms. Johnson on unpaid leave was made by central office administrators of the Defendant School District who had final policymaking authority with regard to the placement of teachers on unpaid leave and was made pursuant to an official policy, custom or practice of the Defendant District."

3.    For paragraph 36, "The decisions regarding what documents to include and not include in Ms. Johnson's personnel file, and what information to make available to principals about her, were made by central office administrators of the Defendant School District who had final policymaking authority with regard to these matters and were made pursuant to an official policy, custom or practice of the Defendant District."

Proposed Second Amended Complaint and Jury Demand, docket #40-1.  The Court will analyze each amendment to determine first whether they have been unduly delayed or will cause undue prejudice to the Defendants and, next, whether their addition to the operative pleading would be futile.

A.    <u>Undue Delay</u>

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan*, 397 F.3d at 1315; *see also Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).  The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay."  *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).  Thus, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial."  *Minter*, 451 F.3d at 1206 (internal quotations and citations omitted).

The Court agrees with Plaintiff that she has timely filed her proposed amendments pursuant to the federal rules and the Scheduling Order in this case.  That is, Plaintiff timely filed her request for amendment within the time period established by the governing Scheduling Order, which set the deadline for amendment of pleadings as April 11, 2013.  Plaintiff filed the present motion on April 1, 2013; thus, the motion is timely.  However, citing an unpublished Tenth Circuit case, Defendants argue that Plaintiff's amendments are unduly delayed because she "knew or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original complaint."  Response, docket #43 at 6.  Defendants' argument is misplaced; the "facts" described by the Tenth Circuit are those supporting a plaintiff's claims.  *See Shifrin v. Toll*, 483 F. App'x 446, 450-51 (10th Cir. 2012) (district court did not abuse its discretion in denying the plaintiff's request

to add allegations concerning an additional similarly situated individual to his equal protection claim).  But here, Defendants contend only that Plaintiff knew or should have known of the **legal requirements** necessary to state a viable municipal liability claim, not any actual facts supporting her claim.  In addition, Defendants assert that they made Plaintiff aware of the deficiency(ies) through their original and renewed motions to dismiss, but Plaintiff refused to amend the operative pleading.  The Court concludes that Plaintiff was entitled to disagree with Defendants' interpretation of the law and did not unduly delay the proceedings by filing the present motion ten days before the deadline for amendment of pleadings.

Further, Defendants argue that by waiting until she received a ruling on the motion to dismiss, Plaintiff unduly delayed the filing of her proposed amendments.  But, the Plaintiff is correct; this Court's recommendation is not a ruling on the motion to dismiss.  In support of their position, Defendants cite to *Jenner v. Zavaras*, 339 F. App'x 879, 882 (10th Cir. 2009) for the proposition that filing a motion to amend after the issuance of a recommendation on a motion to dismiss results in undue delay and to *Wopsock v. Natchees*, 279 F. App'x 679, 689 (10th Cir. 2008) for the proposition that filing a motion to amend after all briefing and a ruling on a motion to dismiss and motion for summary judgment results in undue delay.  However, it is not mentioned and, thus, is unclear in *Jenner* and *Wopsock* whether, as demonstrated here, Jenner and Wopsock filed their motions to amend before the deadline set in the governing scheduling order.

Finally, Defendants argue that Plaintiff "failed to cure deficiencies by amendments previously allowed" when "she requested and was granted leave" to amend in December 2012.  Response, docket #43 at 7.  However, the Plaintiff filed the operative Amended Complaint on December 4, 2012 as a matter of course pursuant to Rule 15(a)(1)(B); Plaintiff never requested leave

to amend her original complaint to cure any identified deficiencies.  Because the Defendant has failed to demonstrate Plaintiff unduly delayed the filing of her proposed amendments, the Court finds that the Plaintiff's proposed amendments were timely filed and are not unduly delayed in this case.

      B.    <u>Undue Prejudice</u>

Defendants contend that they would be unduly prejudiced by the filing of Plaintiff's proposed amendments because Defendants would "have needlessly invested a great deal of time and expense into responding to Plaintiff's Complaint and Amended Complaint."  Response, docket #43 at 13.  Also, Defendants claim that the present motion is "nothing more than an attempt to reinstate claims that this Court has already considered and dismissed."  *Id.*

"Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. ... [m]ost often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter*, 451 F.3d at 1208 (internal quotation and citations omitted). Additionally, "an amendment may be prejudicial if its timing prevents the defendant from pursuing a potentially promising line of defense."  *Id.* at 1209.

Defendants do not cite any case law supporting their first theory of prejudice concerning needless time and expense.  The Court finds that even had the Plaintiff agreed with Defendants' arguments raised in the original motion to dismiss concerning municipal liability and amended her pleading accordingly, the Defendants' renewed motion to dismiss was substantially similar to the original motion.  Moreover, the length of the argument raised in Defendants' reply brief concerning municipal liability is approximately only two pages of a 22-page brief.  Thus, the Court is not

convinced the Defendants "have needlessly invested a great deal of time and expense" in raising arguments concerning municipal liability and will suffer undue prejudice if the amendments are granted. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[d]efendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs).

With respect to Defendants' assertion that the claims have been already considered and dismissed, the Court concludes, as noted above, that the claims have been neither considered nor dismissed by Chief Judge Krieger in this case. In addition, the Court finds that Defendants will not be prejudiced in preparing a defense to the amendments; the discovery cutoff in this case is more than three months hence, which provides ample time for discovery of any amended claims.

Therefore, because the Plaintiff's proposed amendments are sought early in the litigation and arise from the same transactions or occurrences that are the subject of Plaintiff's claims, the Court perceives no bad faith or prejudice against the Defendants with respect to Plaintiff's request for amendment.

C.     Futility of the Amendments

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss ..., a court may dismiss *sua sponte* when it is patently obvious

8

that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citations omitted).

Because futility is based on whether a claim could survive a motion to dismiss, the applicable standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge*

at *Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf*

*& Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, Defendants argue Plaintiff's proposed amended claims would be subject to dismissal

because (1) her amendment to paragraph 19 is futile because her claim is barred by the statute of

limitations; (2) her amendment to paragraph 32 is futile because her placement on unpaid leave is

not an adverse employment action; (3) she fails to plead that her rights were violated by the Board,

which is the final policymaker for the District; and (4) her proposed amendments are nothing more

than conclusory allegations.  Plaintiff counters that a municipal liability claim is not limited to

allegations solely involving a final policymaker, that her allegations are not "conclusory," that her

claims are not barred by the statute of limitations and that her placement on unpaid leave is, indeed,

an adverse action under the applicable law.  The Court will analyze each challenge in turn.

1.    *Statute of Limitations*

In paragraph 19 of her Amended Complaint, Johnson alleges that, in response to her

testimony at her TECDA hearing, Defendants placed her in a temporary, one year-only assignment

prior to the start of the 2009-10 school year.  Defendants argue that claims based upon alleged

conduct that occurred prior to October 12, 2010 – two years before Johnson initiated this action –

are barred by the statute of limitations.  "Limitations periods in § 1983 suits are to be determined

by reference to the appropriate state statute of limitations and the coordinate tolling rules ...." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)) (quotations omitted).  The limitations period applicable to this § 1983 suit is Colorado's two-year statute of limitations which bars suits filed more than two years after the time the cause of action accrued.  *Id.* (citing *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993); *see also* Colo. Rev. Stat. § 13-80-102.  "A § 1983 action 'accrues when facts that would support a cause of action are or should be apparent.'"  *Fogle*, 435 F.3d at 1258 (quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)).  Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when a complaint indicates on its face that the statute of limitations has expired.  *Aldrich v. McCullouch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Johnson does not dispute that her action is subject to the two-year statute of limitations; thus, because she initiated this action on October 12, 2012, any claims seeking recovery for conduct that occurred prior to October 12, 2010 are time-barred.  There is no dispute that any claim based upon the Defendants placing Johnson in a temporary, one year-only assignment accrued in 2009 on the day it happened.  To the extent it would be applicable, Johnson does not proffer any equitable arguments for tolling of the statute of limitations.  Moreover, in the present motion, Johnson presents no persuasive argument supporting this Court's departure from its pending recommendation to dismiss any claims that accrued prior to October 12, 2010.  Therefore, the Court recommends that the District Court find Johnson's proposed amendment to paragraph 19 of the Amended Complaint futile as barred by the statute of limitations, and deny Johnson's motion to amend in this regard.

2.      *Adverse Employment Action*

11

In paragraph 32 of the Amended Complaint, Johnson alleges that despite her efforts to obtain a mutual consent teaching assignment, she was unable to secure a position and Defendants placed her on an unpaid leave of absence effective September 1, 2012.  Defendants argue that Plaintiff's proposed amendment to paragraph 32 is futile because placement on unpaid leave is not an adverse action for purposes of her First Amendment claim.  Johnson counters that the applicable statute, the Teacher Employment, Compensation and Dismissal Act ("TECDA"), by its plain language, does not apply to her.

Johnson alleges that,

The Defendants have stated that they were required to place Ms. Johnson on unpaid leave pursuant to certain provisions of Senate Bill 191, which were enacted into law as C.R.S. § 22-63-202(2)(c.5). Specifically, Subpart c.5 limits the ability of school districts to assign displaced teachers to positions unless the teachers are selected through a school-based hiring process and thereby have the "mutual consent" of the hiring schools.  However, Subpart c.5, by its own clear language, applies only to teachers who are "displaced as a result of a drop in enrollment; turnaround; phase-out; reduction in program; or reduction in building, including closure, consolidation, or reconstitution." C.R.S. § 22-63-202(2)(c.5)(VII). Ms. Johnson was not displaced from her continuing, school-based hiring/"mutual consent" position at Godsman Elementary School as a result of any of these causes. Rather, she was displaced due to an unjustified recommendation for her dismissal. Therefore, the limitations contained in § 22-63-202(2)(c.5) are not applicable to Ms. Johnson's placement.

Amended Complaint, ¶ 36, docket #13-1 at 15.  Defendants argue that, because Johnson was unable to secure a "mutual consent" position in 2012, they were required by Colo. Rev. Stat. § 22-63-202(2)(c.5)(IV) to place Johnson on unpaid leave, and that the subsection does, in fact, apply to Johnson as it does to any "nonprobationary teacher."  Specifically, Defendants claim the statute, when read in conjunction with the other subsections, clearly applies to all nonprobationary teachers and Johnson's interpretation would "lead to a nonsensical result."  Reply, docket #35 at 22. Johnson responds that subsection 202(2)(c.5)(VII) specifically provides to whom paragraph c.5 applies and,

12

thus, the plain language of the statute demonstrates the limitation of subsection 202(2)(c.5) to certain circumstances not her own.

"When federal courts are called upon to interpret state law, they must look to rulings of the highest state court, and if no such rulings exist, they must endeavor to predict how the high court would rule." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006). Here, the parties agree that subsection 202(2)(c.5) went into effect in May 2010; the parties have cited no Colorado cases interpreting this subsection and the Court has found none. Consequently, the Court must "interpret state laws according to state rules of statutory construction, and therefore interpret [a] statute based on its plain language." *Ward v. Utah*, 398 F.3d 1239, 1248 (10th Cir. 2005).

Colorado courts "give effect to the intent of the legislature" when interpreting statutes. *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 799 (Colo. 2000). "We look to the language of the statute, giving words their plain and ordinary meaning ... [i]f the plain language of the statute demonstrates a clear legislative intent, we look no further in conducting our analysis." *Id.*; *see also Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218 (D. Colo. 2012) ("When interpreting a statute, the Court begins by examining its plain language, and if the statutory language is clear, the Court's analysis is at an end.") (citing *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008)).

Here, Johnson argues subsection 202(2)(c.5)(IV) does not apply to her because of the plain language of subsection 202(2)(c.5)(VII). Subsection 202(2)(c.5)(IV) provides,

> If a nonprobationary teacher is unable to secure a mutual consent assignment at a school of the school district after twelve months or two hiring cycles, whichever period is longer, the school district shall place the teacher on unpaid leave until such time as the teacher is able to secure an assignment. If the teacher secures an assignment at a school of the school district while placed on unpaid leave, the school

13

district shall reinstate the teacher's salary and benefits at the level they would have been if the teacher had not been placed on unpaid leave.

Subsection 202(2)(c.5)(VII) provides,

This paragraph (c.5) shall apply to any teacher who is displaced as a result of drop in enrollment; turn-around; phase-out; reduction in program; or reduction in building, including closure, consolidation, or reconstitution.

Notably, the Defendants do not dispute that Johnson does not fall within the parameters of subsection 202(2)(c.5)(VII); rather, they contend that subsection 202(2)(c.5)(IV) applies to all nonprobationary teachers, including Johnson, in Colorado. Johnson counters that the rule, "the expression of one excludes the other," applies here and demonstrates that subsection 202(2)(c.5)(IV) is applicable only to those teachers described in subsection (VII).

Keeping the applicable legal principles in mind, the Court concludes (as it does in its pending Recommendation) that the plain language of subsection 202(2)(c.5), read as whole, demonstrates that subsection 202(2)(c.5)(IV) applies to all nonprobationary teachers in Colorado. For example, in subsection 202(2)(c.5)(I), the statute refers to "teachers" without any reference to teachers who have been displaced as set forth in subsection (VII). Likewise, subsections (II)(A) and (III)(A)[3] refer to "any active nonprobationary teacher" whose performance was deemed "effective" the prior school year would be placed in a priority hiring pool. However, subsections (II)(B) and (III)(B) specifically refer to teachers who have been displaced as set forth in subsection (VII), setting forth requirements for notifying such displaced teachers of their removal from the school and of vacant positions in the district. If the statute were to be construed as Johnson suggests, then there would be no need for the

---

[3]The Court notes that the fact that subsection (II) is presently in effect and that subsection (III) will take effect in the future does not alter its analysis or findings in this matter.

legislature to carve out these specific requirements for teachers displaced as set forth in subsection (VII).

Moreover, Johnson states "[i]f paragraph (c.5) is interpreted to apply to all teachers, then subparagraph (VII) is entirely meaningless."  Response brief, docket #26 at 6.  The Court disagrees. Subsection (VII) defines "displaced" teachers for purposes of reading subsections (II)(B) and (III)(B).   Further, Johnson suggests that to cure any "conflict" raised by a reading of other subsections of, or relating to, paragraph (c.5), the statute may be read such that the requirements of subsections (II) through (IV) only apply to displaced teachers defined in subsection (VII), while all other subsections apply to all nonprobationary teachers.  *Id.*  However, there is nothing expressed or implied in the statute limiting its application in this way and the Court finds no justification for such interpretation.

Accordingly, as Johnson does not dispute that she, otherwise, meets the conditions set forth in subsection 202(2)(c.5)(IV), the Court concludes that the subsection required Defendants to place Johnson on unpaid leave and, thus, Johnson has failed to allege sufficient facts demonstrating that her placement on unpaid leave supports a First Amendment retaliation claim.  Johnson's proposed amendments to cure any deficiencies in stating claims for municipal liability do not correct the insufficiency here.  Therefore, this Court respectfully recommends that the District Court deny Johnson's  motion to amend paragraph 32 for purposes of Johnson's First Amendment claim.

3.      *Final Policymaker*

The remaining proposed amendments appear to be proffered in support of Johnson's First Amendment retaliation claims in paragraphs 29 (placement on one-year assignment in June 2011) and 36 (interference with obtaining mutual consent position), and her Fourteenth Amendment due

15

process claim in paragraph 32 (placement on unpaid leave).  However, Defendants argue that the

Board is the final policymaker for the District and, because Plaintiff's proposed amendments do not

allege the Board committed the alleged constitutional violations, Plaintiff's claims are subject to

dismissal.  Plaintiff counters that demonstrating municipal liability under 42 U.S.C. § 1983 may be

shown either by alleging an adverse action was taken by a final policymaker or that the action was

taken pursuant to an official policy, custom or practice, and that she has alleged both.  Further,

Plaintiff contends that a final policymaker may delegate authority to others with respect to certain

actions or decisions.  Thus, Plaintiff states that her allegations are sufficient to state constitutional

claims against the municipal Defendants.

To establish a § 1983 claim against a municipality, "a plaintiff must show (1) the existence

of a municipal policy or custom, and (2) that there is a direct causal link between the policy or

custom and the injury alleged."  *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)

(citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)).  In establishing the first

requirement, a plaintiff may show a municipal policy or custom in the form of any of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a
> widespread practice that, although not authorized by written law or express
> municipal policy, is so permanent and well settled as to constitute a custom or usage
> with the force of law; (3) the decisions of employees with final policymaking
> authority; (4) the ratification by such final policymakers of the decisions - and the
> basis for them - of subordinates to whom authority was delegated subject to these
> policymakers' review and approval; or (5) the failure to adequately train or supervise
> employees, so long as that failure results from deliberate indifference to the injuries
> that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin

Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010)) (internal quotations omitted).

Plaintiff's allegations that the actions taken against her were decisions "made by central office administrators of the Defendant School District who had final policy making authority with regard to the [challenged actions] and [were] made pursuant to an official policy, custom or practice of the Defendant District" do not appear to fall under *Bryson*'s options (1), (3) or (5), nor does the Plaintiff argue that such options are applicable to her proposed amendments.

Rather, Plaintiff contends that certain functions, such as those challenged in this case, may be properly delegated by the Board or District to office administrators (see option (4)). The case law Plaintiff cites to support her contention makes clear that delegable duties are only those that are not policy-making functions. *See Lazuk v. Sch. Dist. No. 1, City & Cnty. of Denver*, 22 P.3d 548, 552 (Colo. App. 2000), *cert. denied*, (Colo. 2001) ("the test is whether the function is a policy-making duty, such as the power to hire teachers, fix their wages and the power to dismiss them, or an administrative function subject to delegation.") (internal quotations and citation omitted). However, option (4) requires only that the Plaintiff demonstrate the ratification by the Board of duties delegated to the District's office administrators concerning the challenged actions. Plaintiff's proposed amendments, supported by the factual allegations she makes, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal,* 556 U.S. at 678.

Likewise, Plaintiff's proposed amendments suffice to allege a municipal custom, policy or practice under option (2). Plaintiff challenges decisions made concerning what she alleges are unfavorable assignments and interference taken in retaliation for Plaintiff's testimony before a legislative committee. It remains to be seen what evidence Plaintiff proffers to support her theory of a widespread practice of retaliation that is so permanent and well settled as to constitute a custom

17

or usage with the force of law.  Taking the allegations as true, as necessary for a Rule 12(b)(6) analysis, the Court concludes that Plaintiff's proposed amendments to paragraphs 29 and 36 suffice to state plausible claims for municipal liability pursuant to options (2) and (4) and to cure the deficiencies noted by this Court in its pending Recommendation.

However, the Court must conclude that Plaintiff's proposed amendment to paragraph 32 in support of her due process claim does not cure the deficiency noted by this Court in its Recommendation - that Plaintiff fails to state a property interest in her salary and benefits. Accordingly, the Court must recommend that Plaintiff's proposed amendment to paragraph 32 is futile with respect to her due process claim.

### 4.  *Conclusory Allegations*

Finally, Defendants contend that Plaintiff's proposed amendments to paragraphs 29 and 36 are merely conclusory and insufficient to meet the requirements of *Iqbal* and *Twombly*.  Plaintiff responds that her use of the word "conclusory" in the motion may have been mistaken, but she meant the word as a synonym for "bare."  She claims that the amendments are supported by sufficient factual allegations to put the Defendants on notice of the claims against them.  The Court agrees.  Unlike the plaintiff in *Garland v. Board of Educ. of Denver Pub. Sch. Dist. No. 1*, No. 11-cv-00396-REB-KMT, 2012 WL 1018740, at *9 (D. Colo. Mar. 26, 2012), whose factual allegations the court found mostly insufficient to state Fourth and Fourteenth Amendment claims, the Plaintiff here states sufficient facts to plausibly state municipal liability for her First Amendment retaliation claims based upon Defendants' placement of the Plaintiff on a one-year assignment in June 2011 and Defendants' alleged interference with Plaintiffs' efforts to obtain a mutual consent position.

In *Garland*, the Court dismissed all constitutional claims for failure to state a claim, except for the plaintiff's claim alleging a violation of due process for the individual defendants' alleged false statements impugning her name and reputation. *Id.* at 5-6. The court then determined that the plaintiff's proposed amendment – the sentence, "Moreover, Defendants were acting under the policy, custom and procedures of Denver Public School (sic) when relaying the statements to Denver Police Officers" – was insufficient to state a municipal liability claim against the school board. *Id.* at *9. Here, unlike in *Garland*, Plaintiff's original factual allegations supporting her First Amendment retaliation claims were made against the school district itself and her proposed amendments clarify that any decisions concerning actions taken against her, which are specified in detail in the proposed amended pleading, "were made by central office administrators  of the Defendant School District who had final policymaking authority with regard to these matters and were made pursuant to an official policy, custom or practice of the Defendant District." *See* Proposed Second Amended Complaint, ¶ 36, docket #40-1 at 16. The Court concludes that Plaintiff's proposed amendments to paragraphs 29 and 36 in support of Plaintiff's First Amendment retaliation claim are not conclusory and, thus, are not subject to dismissal.

## IV.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that the Plaintiff's Motion for Leave to Amend Complaint [filed April 1, 2013; docket #40] be **granted in part** as to the proposed amendments to paragraphs 29 and 36 supporting Plaintiff's claims for First Amendment retaliation and **denied in part** as to the proposed amendments to paragraphs 19 and 32.

Dated at Denver, Colorado, this 16th day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge