IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02950-MSK-MEH

LISA M. JOHNSON,

    Plaintiff,

v.

SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND STATE OF COLORADO, and BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1,

    Defendants.

---

**ORDER ON MOTION FOR SANCTIONS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Sanctions for Defendants' Failure to Make Timely Identification of Witnesses [filed January 28, 2014; docket #90]. The motion is referred to this Court for disposition. (Docket #64.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow, the Court **grants in part and denies in part** the Plaintiff's motion.

**I.    Background**

    Plaintiff Lisa Johnson ("Johnson") initiated this action on October 12, 2012 in Denver County District Court against School District No. 1 in the County of Denver and State of Colorado ("District") and the Board of Education of School District No. 1 ("Board") (collectively "Defendants"). (Docket # 4.) In essence, Johnson claims that Defendants violated her rights to freedom of speech under the First Amendment and to due process under the Fourteenth Amendment, and her rights under the Teacher Employment, Compensation and Dismissal Act ("TECDA"), Colo. Rev. Stat. § 22-63-101 *et seq.* by assigning her to unfavorable positions and placing her on unpaid

leave at the commencement of the 2012-13 school year.

On November 9, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) governing federal question jurisdiction. (Docket # 1.) Then, pursuant to Fed. R. Civ. P. 15(a), Plaintiff filed as a matter of course a First Amended Complaint and Jury Demand on December 4, 2012. (Docket # 13.) In response, Defendants filed a motion to dismiss the First Amended Complaint, which was referred to this Court for recommendation. (Dockets ## 21 and 25.) On March 18, 2013, this Court issued a Report and Recommendation that the District Court grant Defendants' motion to dismiss the First Amended Complaint based upon various grounds. (Docket # 37.)

Thereafter, on April 1, 2013, Plaintiff filed a motion for leave to amend the First Amended Complaint and attached a proposed Second Amended Complaint. (Docket # 40.) On May 16, 2013, based on the previous recommendation, this Court issued a recommendation that Plaintiff's motion to amend be granted as to the amendments to paragraphs 29 and 36 and denied as to the amendments to paragraphs 19 and 32. (Docket # 54.) On September 23, 2013, the Honorable Marcia S. Krieger adopted this Court's recommendation to dismiss the due process and TECDA claims, but permitted the First Amendment retaliation claim to proceed and granted the Plaintiff's motion for leave to amend all four paragraphs of the First Amended Complaint. (Order, docket # 65.) Accordingly, the Second Amended Complaint (docket # 66), minus the due process and TECDA claims, is the operative pleading in this case. (*See* docket # 65 at 15-16.) The pleading alleges generally that Defendants engaged in a series of adverse employment actions culminating in her eventual termination as a teacher for the school district. (*See* docket # 66.) Plaintiff claims that Defendants took these various adverse actions in retaliation for her May 6, 2010 testimony before the Colorado legislature opposing the passage of Senate Bill 10-191, which Defendants strongly supported. (*Id.*)

Plaintiff filed the present motion on January 28, 2014 stating that, on December 30, 2013

(the discovery cutoff in this case), Defendants served their second supplemental disclosures identifying 10 new individuals as witnesses likely to have discoverable information. Plaintiff argues that she is prejudiced by these late disclosures because she is unable to take discovery through written requests or depositions of these individuals. Plaintiff contends Defendants' December 30, 2013 disclosures are untimely, and Defendants have failed to show their failure is substantially justified or harmless. Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff seeks an order prohibiting the 10 individuals from providing evidence in this case.

Defendants counter that the 10 individuals were previously identified in their disclosure documents and in their responses to Plaintiff's written discovery; Plaintiff knew these individuals because she interviewed with them; and Plaintiff cannot demonstrate an incurable prejudice. Specifically, Defendants first argue that the disclosures were timely, as they were filed "within" the discovery period. Second, Defendants contend that the 10 individuals are all administrators at the school district with whom Plaintiff had interviewed; in fact, Defendants disclosed nine administrators in documents submitted during discovery and learned of one administrator through Plaintiff's responses to interrogatories. Finally, Defendants state that Plaintiff unduly delayed the resolution of this issue by waiting nearly a month before raising the issue with opposing counsel and filing the present motion.

Plaintiff replies that the information possessed by the 10 administrators was reasonably available to the Defendants at the time of their initial disclosures and/or at least on February 21, 2013 when Defendants produced documents which indicated that the administrators interviewed the Plaintiff; thus, the second supplemental disclosures submitted December 30, 2013 are untimely. Further, Plaintiff argues that although these administrators' names might have appeared in documents (among the many other names appearing therein ) submitted during discovery, there was no indication that they would be witnesses disclosed by Defendants pursuant to Rule 26. Finally,

Plaintiff contends that her only means of learning information about the 10 administrators is through the formal discovery process in this case and, due to Defendants' untimeliness, she has been foreclosed from participating in that process. Plaintiff seeks an order prohibiting Defendants from using these administrators' information and testimony in support of a motion or at trial.

## II.    Legal Standards

Plaintiff brings her motion pursuant to Rule 37(c), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.), *cert. denied*, 513 U.S. 1000 (1994). A district court abuses its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case. *Id.* (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980), *cert. denied*, 450 U.S. 918 (1981)).

However, Rule 37 allows the Court to impose lesser sanctions than the prohibition of evidence. *See* Fed. R. Civ. P. 37(a)(1)(A)-(C). When determining the appropriate sanction, Rule 37 "require[s] the court to keep considerations of justice in mind when imposing sanctions for rule violations." *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). While the rule "provide[s] a list of potential options for the court's consideration, including costs and fee shifting, [it] ultimately leave[s] it to the court's discretion to make such orders ... as are just." *Id.* (internal quotation omitted).

Rule 26(e)(1) requires that a party "who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in

4

some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1).

**III.  Analysis**

With these legal precepts in mind, the Court will determine first whether Defendants have met the timing requirements of Rule 26(e)(1) and, if not, whether Defendants' failure to fully comply with the rule's requirements is substantially justified or harmless.

A.  <u>Were Defendants' Disclosures Timely?</u>

As stated, supplementation of a Rule 26(a) disclosure must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Thus, a plain reading of this rule suggests that a supplemental disclosure should be based on additional or corrective information that was not available at the time of the initial disclosures. *See SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4587240, at *3 n.3 (D. Colo. Oct. 15, 2008) (unpublished) (citing *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (Rule 26(e)(1) permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report)).

Rule 26 disclosures are designed to allow a party enough time to conduct interviews and depositions, and to prepare a trial strategy in light of the witnesses that may be called by the opposing party. *See Dunlap v. City of Okla. City*, 12 F. App'x 831, 834 (10th Cir. 2001) ("[o]ne clear purpose of the discovery rules is to facilitate fact finding and prevent unfair surprise."); *see also Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (precluding witnesses from testifying and noting as follows: "In reliance on the plaintiff's decision not to disclose these persons as witnesses, the defendant did not depose them or seek additional discovery about them."). Parties are obligated under Rule 26(a) to "provide to the other parties the name and, if known, the address

and telephone number of each individual likely to have discoverable information," and this obligation is not relieved simply because the other parties have become aware of these individuals by other means. *See Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004) ("[P]laintiff had no reason to depose witnesses whom defendant did not identify. Her knowledge that [a witness] occupied a position at issue in this case is no substitute for compliance with Rule 26.") (internal quotations omitted). Thus, Defendants' argument that Plaintiff knew about all 10 administrators prior to their disclosure does not excuse their failure to disclose, as required by Rule 26, the name, address, and telephone number of each witness as soon as they knew them.

Typically, courts in this district have found that, "[t]he failure to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures, constitutes a violation of Rule 26." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, No. 05-cv-02084-PSF, 2007 WL 1613352, at *1 (D. Colo. June 1, 2007) (unpublished) (citing *Owner-Operator Indep. Driver Assoc., Inc. v. USIS Comm'l Servs., Inc.*, No. 04-cv-01384-REB, 2006 WL 2331003, at *1 (D. Colo. 2006)). But, at least one court has found that a supplemental disclosure made on the discovery deadline is not untimely. *See Ortega v. City & Cnty. of Denver*, No. 11-cv-02394-WJM, 2013 WL 1751944, at *2 (D. Colo. Apr. 23, 2013) (citing *Phillip M. Adams, LLC v. Winbod Elec. Corp.*, No. 05-cv-64 TS, 2010 WL 3258161, at *1 (D. Utah Aug. 17, 2010)). This Court finds that a disclosure of a "new" witness made near the end of the day on the discovery deadline "effectively forecloses the opposing party from conducting discovery on the supplemental disclosures" and is untimely under Rule 26(e). *See, e.g., Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *3 (D. Kan. Sept. 20, 2010) (setting a "supplemental disclosure deadline" saying "[t]he rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to

take a particular deposition (or pursue follow-up 'written' discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.").

   B. <u>Was the Failure Substantially Justified or Harmless?</u>

  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworkers Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid–Am. Tablewares, Inc. v. Moqi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit set forth four factors the Court should consider to guide its discretion in determining whether a Rule 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) or that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted). In analyzing these factors, the Tenth Circuit has admonished courts that "the decision to exclude evidence is a drastic sanction." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

  Regarding the first factor, Defendants argue that Plaintiff was neither prejudiced nor surprised by the supplemental disclosure of 10 administrators on the discovery deadline, because she interviewed with these individuals and because nine of them were identified in Defendants' discovery documents and one was disclosed by the Plaintiff in response to Defendants' written discovery. However, as noted above, Defendants are not relieved of their Rule 26(a) obligation to

7

"provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information" simply because the Plaintiff became aware of these individuals during discovery. *See Mehus*, 326 F. Supp. 2d at 1219.

Defendants claim that, after discovery and depositions concluded, they determined they may need the testimony of the 10 administrators for the purpose of rebutting Plaintiff's argument that she was not hired because of her testimony opposing SB 191. Certainly, it would be no surprise to the Plaintiff that Defendants would choose to use such testimony in defense of her claims. However, Defendants have known about Plaintiff's argument since the inception of the case. *See* Complaint, ¶ 33, docket #4. Thus, Defendants' contention that Plaintiff knew about all ten witnesses simply because she interviewed with them does not excuse Defendants' failure to disclose, as required by Rule 26, the name, address, and telephone number of each witness they will or may use in support of a dispositive motion or call at trial. Accordingly, the Court finds Plaintiff could be prejudiced by Defendants' late disclosure, which was not substantially justified. The Court will proceed to address the remaining factors to determine whether Defendants' late disclosure is harmless and whether any prejudice can be cured.

First, the Court finds that Plaintiff has, thus far, suffered no prejudice as a result of Defendants' December 30, 2013 disclosures. Defendants have filed a motion for summary judgment for which they attached no affidavits nor evidence from the 10 administrators. *See* docket #92.

Regarding the second and third factors, the Court notes that trial is not yet scheduled in this case. In fact, Defendants filed their dispositive motion recently, on January 30, 2014, and the Plaintiff is not scheduled to respond until March 14, 2014. Furthermore, Chief Judge Krieger has not scheduled a Final Pretrial Conference, Trial Preparation Conference or Trial. Therefore, this Court may – and will – re-open discovery for the limited purpose of allowing Plaintiff to take discovery on the 10 administrators disclosed December 30, 2013. The Court will modify the

Scheduling Order for this limited purpose as follows:

(1)   For each administrator, Plaintiff may submit five written interrogatories, five requests for production and five requests for admissions on or before March 27, 2014;

(2)   For each administrator, Plaintiff may depose the witness for a total time of 3 hours on or before May 15, 2014; and

(3)   Defendants will cooperate with Plaintiff in the scheduling of depositions to ensure they are completed before May 15, 2014. If the Court finds a failure to cooperate in this instance, the party and/or counsel may be subject to sanctions.

Regarding the fourth factor, the Court finds that, although the second supplemental disclosure was certainly untimely, Defendants do not appear to have engaged in bad faith or willfulness here. Plaintiff makes no allegation or argument that Defendants intentionally waited until the last day to disclose the 10 administrators to support a strategy or benefit to themselves. And, the Court perceives no such conduct, although, in the future, defense counsel should avoid such late disclosure, if possible, on the last day of discovery. Thus, the Court will not grant Plaintiff's request that Defendants be prohibited from using the 10 administrators' information and/or testimony in support of their defense.

However, the Court finds that the unjustified late disclosure was not altogether harmless and requires a sanction for Defendants' failure to timely identify its witnesses. *See Sender*, 225 F.R.D. at 656 ("To suggest that sanctions are not appropriate simply because the trial court can provide a further extension of time or delay the trial would effectively reward Sender's non-compliance."). Therefore, the Plaintiff may seek her reasonable attorney's fees for the filing of the present motion and her reply brief by filing an affidavit pursuant to D.C. Colo. LCivR 54.3 on or before March 27, 2014. *See* Fed. R. Civ. P. 37(c)(1)(A). Defendants may file an objection to the reasonableness of the fees on or before April 10, 2014.

**III.   Conclusion**

For the reasons stated above, the Court finds that Defendants' second supplemental disclosure submitted late in the day of the discovery deadline was untimely and unjustified. Therefore, the Court will grant Plaintiff's request for a sanction of an award of reasonable attorney's fees for the filing of the present motion. However, while such disclosure might have served to prejudice the Plaintiff under different circumstances, here, any prejudice was cured by allowing the Plaintiff limited discovery as to the late-disclosed witnesses. Thus, the Court denies Plaintiff's request for an order prohibiting the Defendants from using the information and/or testimony provided by the 10 administrators disclosed on December 30, 2014.

Accordingly, the Court **grants in part and denies in part** Plaintiff's Motion for Sanctions for Defendants' Failure to Make Timely Identification of Witnesses [filed January 28, 2014; docket #90] as follows:

(1)   For each administrator, Plaintiff may submit five written interrogatories, five requests for production and five requests for admissions on or before March 27, 2014;

(2)   For each administrator, Plaintiff may depose the witness for a total time of 3 hours on or before May 15, 2014;

(3)   Defendants will cooperate with Plaintiff in the scheduling of depositions to ensure they are completed before May 15, 2014;

(4)   Plaintiff may seek her reasonable attorney's fees for the filing of the present motion and her reply brief by filing an affidavit pursuant to D.C. Colo. LCivR 54.3 on or before March 27, 2014; and

(5)   Defendants may file an objection to the reasonableness of the fees on or before April 10, 2014.

Dated at Denver, Colorado, this 13th day of March, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge