IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02950-MSK-MEH

LISA M. JOHNSON,

      Plaintiff,

v.

SCHOOL DISTRICT NO. 1 IN THE COUNTY OF DENVER AND STATE OF COLORADO, and
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1,

      Defendants.

---

## ORDER ON DEFENDANTS' EMERGENCY MOTION TO MAGISTRATE JUDGE TO STAY RELIEF GRANTED IN DISCOVERY ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Emergency Motion to Magistrate Judge to Stay Relief Granted in Discovery Order [filed April 3, 2014; docket #114]. The motion is referred to this Court for disposition. (Docket #115.) The matter is fully briefed, and I addressed this issue with the parties at the hearing in this case on April 2, 2014. For the reasons that follow, the Court **grants in part and denies in part** Defendants' motion.

Discovery in this case was originally due on August 26, 2013. This allowed the parties a full six months of discovery. On July 3, 2013, the discovery deadline was extended to November 4, 2013. At the parties' joint request, on October 21, 2013, the discovery deadline was extended to December 30, 2013. On that last date of discovery, nearly 15 months after the case was originally filed, the Defendants submitted supplemental disclosures identifying 10 new witnesses they contend have discoverable information. They now seek to prevent Plaintiff from engaging in discovery concerning these witnesses. Their position is untenable.

As a remedy for Defendants' conduct, I permitted Plaintiff to engage in limited discovery involving these new witnesses, allowing **five** questions per witness, **five** requests for documents per witness, and **five** requests for admission per witness, along with the opportunity to take the witnesses' depositions. Moreover, I limited the depositions to **three hours per witness**. This is the discovery that the Defendants seek to prevent. The Federal Rules of Civil Procedure have no presumptive limits for the latter two categories of written discovery requests, and I do not view a witness providing answers to five questions as "inordinate." The fact that these things add up is due to the sheer number of witnesses that Defendants disclosed on the very last day of discovery.

In retrospect, I should have looked more suspiciously at whether such a late disclosure was bad faith, because now, with the hindsight of Defendants' efforts to prevent Plaintiffs from engaging in discovery concerning the belated disclosures, Defendants' motives appear suspect. Notwithstanding, I view the opportunity to conduct depositions of these relevant witnesses as paramount, with the written discovery less so. Therefore, I will **grant** the Emergency Motion to Stay insofar as it concerns written discovery, but I will **deny** it regarding the order to conduct depositions. Depositions of these newly identified material witnesses is essential to preserving Plaintiff's right to prepare for trial.

SO ORDERED.

Dated at Denver, Colorado, this 7th day of April, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge